

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,640-01

### EX PARTE LISA ANN BROWN AKA PATRICIA SUZANNA MAY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1307909-A IN THE 176TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of delivery of a controlled substance and sentenced to seven months imprisonment. The Applicant did not file a direct appeal. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant raises false evidence, involuntary plea, and actual innocence. Applicant contends that her due process rights were violated because Gerald Goines, an officer with the Houston Police Department, who was the sole witness against her, was under investigation for falsifying evidence and had been relieved from duty. Applicant argues that the Court should infer that the officer's testimony was false based on his prior misconduct and that Applicant's due process rights were

violated. Based on the record, the State and trial court both recommend granting relief on actual innocence.

We agree Applicant is entitled to relief, but based on false evidence and involuntary plea. Relief is granted. *Ex parte Chabot*, 300 S.W.3d 768, 772 (Tex. Crim. App. 2009)*; Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number 1307907 in the 176th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Delivered: May 3, 2023
Do not publish